**FILED**

**DECEMBER 11, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HANSEL M. DEBARTOLO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD OF ILLINOIS | ) | **07 C 6961** |
| A/K/A BLUE CROSS AND BLUE SHIELD | ) | |
| ASSOCIATION and AMUROL CONFECTIONS | ) | |
| COMPANY, a subsidiary of WM. WRIGLEY JR. | ) | **JUDGE KENNELLY** |
| COMPANY, | ) | **MAGISTRATE JUDGE DENLOW** |
| | ) | |
| Defendants. | | |

## COMPLAINT AT LAW

Now comes the Plaintiff, DR. HANSEL M. DEBARTOLO ("DeBartolo"), by and

through his attorney, STUART P. KRAUSKOPF, and complains of Defendants, BLUE

CROSS BLUE SHIELD OF ILLINOIS A/K/A BLUE CROSS AND BLUE SHIELD

ASSOCIATION ("Mutual Group") and AMUROL CONFECTIOSN COMPANY, a

subsidiary of WM. WRIGLEY JR. COMPANY ("Employer"), as follows:

## I. PRELIMINARY STATEMENT

Plaintiff brings this action to recover damages under the provisions of the

Employment Retirement Income Security Act ("ERISA"), U.S.C. § 1132(a)(1)(B) and

with respect to various other claims.

## II. THE PARTIES

1.      Plaintiff is a physician licensed to practice in the State of Illinois and

maintains a medical practice at 11 DeBartolo Drive, Sugar Grove, Illinois.

2.      Plaintiff is informed and believes, and based thereon alleges, that

Defendant Employer sponsors, or sponsored, a medical benefit plan ("Plan") and

1

exercised, or exercised, discretionary authority or control respecting the management of disposition of the assets, or has or had discretionary authority or responsibility in the administration of said Plan.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Mutual Group administers, or administered a medical benefit plan ("Plan") for Defendant Employer.

4.    Plaintiff is informed and believes, and based thereon alleges, that the Plan is an Employee Welfare Benefit Plan covered by ERISA.

### III.  JURISDICTION

5.    Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to 29 U.S.C. 1001 et. seq. and the doctrine of supplemental jurisdiction.

### IV.  VENUE

6.    Venue is proper pursuant to 28 U.S.C. § 1391(a) and (c).

### V.  ALLEGATIONS

### COUNT I: VIOLATION OF ERISA: FAILURE TO PAY BENEFITS

7.    Plaintiff restates and realleges the allegations contained in Paragraphs One through Six, inclusive and as this Paragraph Seven, and incorporates each by reference as though each had been fully set forth herein.

8.    Prior to rendering treatment to one of Plaintiff's patients, Susan Bottoms ("Bottoms"), Plaintiff contacted Mutual Group for the purpose of verifying that Bottoms was covered under the Plan. Mutual Group verified such coverage.

9.    Bottoms thereupon assigned her rights to benefit payments under the Plan with respect to Plaintiff in consideration of which Plaintiff furnished medical treatment to

Bottoms (the "Assignment"). A true and correct copy of Bottoms' assignment is attached hereto and incorporated herein as Exhibit A.

10.     Mutual Group also acknowledged the assignment made by Bottoms by forwarding payments to Plaintiff totaling $756.20 for some of the medical services furnished by Plaintiff to Bottoms. However, Mutual Group denied the remaining claims made for treatment furnished to Bottoms under the Plan.

11.     The balance of the benefit payments due Plaintiff under the Plan with respect to medical services furnished to Bottoms by Plaintiff totals $2,860.80 which the Mutual Group has failed and refused to pay to Plaintiff.

12.     The failure and refusal on the part of the Defendants to pay such amount to Plaintiff is contrary to the terms of the Plan and contrary to law.

13.     As a direct and proximate result to the failure of the Defendants to pay such amount to Plaintiff, Plaintiff has been deprived of the benefit of such money and will continue to be so deprived in the future.

14.     As a further direct and proximate result of the failure of the Defendants to pay such amount to Plaintiff, Plaintiff has been required to incur attorneys fees and costs to pursue this action, and is entitled to have such fees and costs paid by Defendants pursuant to 29 U.S.C. 1132(g)(1).

15.     Plaintiff is informed and believes, and based thereon alleges, that the refusal to cause the Plan to pay said benefits to Plaintiff was, and is in bad faith; that Defendants are able to satisfy an award of attorneys fees; that an award of such fees would deter the Defendants and others from acting similarly under like circumstances; and that Plaintiff's claims is meritorious.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

A.     A judgment that Plaintiff is entitled to $2,860.80 under the Plan;

B.     An order directing the Defendants to pay all benefits assigned to Plaintiff by Bottoms, together with interest thereon at the legal rate on such payments from the date such payments were due to be paid until the date such benefits are paid;

C.     Judgment in Plaintiff's favor, directing Defendants to pay Plaintiff punitive damages for Defendants' malicious and reckless indifference to Plaintiff's rights;

D.     Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E.     Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.     Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just necessary to this Honorable Court.

## COUNT II: FAILURE TO PROVIDE INFORMATION

16.     Plaintiff restates and realleges the allegations contained in Paragraphs One through Fifteen, inclusive, as this Paragraph Sixteen, and incorporates each by reference as though each had been fully set forth herein.

17.     On or about June 15, 2006, Plaintiff requested of Defendant Mutual Group, in writing, to furnish Plaintiff with information regarding the Plan pursuant to 29 USC § 1132 (c). A copy of said request is attached hereto and incorporated herein by this reference as Exhibit B.

4

18.    Defendant Mutual Group failed or refused to respond to the aforesaid request or to furnish any information of the type requested to Plaintiff.

19.    Pursuant to 29 USC § 1132 (c)(1), a plan administrator is subject to fines if the plan administrator violates 29 USC § 1024 (b)(4), which requires that:

> the administrator shall, upon request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated.

20.    Plaintiff is informed and believes, and based thereon alleges, that he has standing to sue under 29 USC § 1132 (c)(1), by virtue of the assignment of benefits he has entered into with Bottoms.

WHEREFORE,    Plaintiff prays for relief against Defendant Mutual Group, as follows:

A.    A declaration that Plaintiff is entitled to all information regarding the Plan required to be made available to participants in the Plan under ERISA;

B.    An order directing Defendant Mutual Group to furnish Plaintiff with all information regarding the Plan required to be made available to participants in the Plan under ERISA;

C.    That Defendant Mutual Group be directed and ordered to pay to Plaintiff a discretionary award of $115 per day for each since June 15, 2006, that Defendant Mutual Group failed or refused, and continues to fail or refuse, to furnish such information to Plaintiff;

D.    Judgment in Plaintiff's favor awarding Plaintiff the costs of this action together with attorney's fees and litigation expenses;

E.    Judgment in Plaintiff's favor awarding Plaintiff full legal and equitable relief under ERISA; and

F.    Judgment in Plaintiff's favor awarding such other and further relief as may be deemed just and necessary to this Honorable Court.

Respectfully submitted,

Stuart P. Krauskopf

Stuart P. Krauskopf, P.C.
Michael Schnitzer, P.C.
Lindsay Malitz, P.C.
30 North LaSalle Street
Suite 3124
Chicago, Illinois 60602
312-377-9592
Atty. No. 41590

6

# EXHIBIT A

DATE:    6/16/97

NAME:    Susan G. Bottoms

I assign my medical benefits and rights from _____ Blue Cross/Blue Shield

_____

to Dr. H.M. DeBartolo Jr., for services rendered.

X _Susan G. Bottoms_
Signature of Insured

# EXHIBIT B



**HANSEL M. DEBARTOLO, JR., M.D., J.D.**
11 DeBartolo Drive
Sugar Grove, Illinois 60554
630-859-1818
Fax: 630-859-1830

June 15, 2006

Blue Cross/Blue Shield
P.O. Box 1364
Chicago, Illinois

      Re:    Susan Bottoms
             Patient ID #:WWY358461165
             Group #: P90002
             Patient D.O.B.: 11/27/53
             Date(s) of Service: 06/16/97

TO WHOM IT MAY CONCERN:

We wish to formally appeal the amount allowed for these procedures.  More should have been allowed.

We are also requesting a copy of the plan summary so we can determine for ourselves what is covered, your failure to provide the requested plan information could subject your organization to penalties of $110 per day.  Please provide the requested information immediately.

Should you have any questions, please do not hesitate to contact me.

Hansel M. DeBartolo, Jr., M.D., J.D.
Val